Case 2:21-cv-20054-ES-JBC   Document 58   Filed 11/09/22   Page 1 of 2 PageID: 589

*ORDER*



<div style="text-align:right">
**Steven A. Karg, Esq.**
400 Crossing Boulevard
8th Floor, P.O. Box 5933
Bridgewater, NJ 08807
T: 908-722-0700
F: 908-722-0755
sakarg@norris-law.com
</div>

November 8, 2022

<u>Via ECF</u>

The Honorable James B. Clark III, U.S.M.J.
United States District, District of New Jersey
Martin Luther King U.S. Court House Building
50 Walnut Street
Newark, NJ 07102

    Re:    **Palisades Capital, Inc. v. Muijrers, et al**
             **Case No. 2:21-cv-20054-ES-JBC**

Dear Judge Clark:

    This firm represents defendants, Rene Muijrers and ICONV SPRL (collectively referenced herein as the "ICONV Defendants"), in the above-referenced matter.[1]

    The ICONV Defendants filed a Motion to Dismiss the Complaint in its entirety pursuant to Rule 12(b)(2), (5), and (6), *see* Dkt. 10, which had been fully briefed by January 31, 2022. *See* Dkt. 15. In its opposition to the motion, Plaintiff Palisades Capital, Inc. did not submit any allegedly curative proposed amendment. *See* Dkt. 14. On March 4, 2022, the Superior Court of New Jersey in the matter <u>Brad Greenspan v. Muijrers, et al,</u> Docket No. ESX-C-124-21 (the "State Court Matter"), issued an Order dismissing the First Amended Complaint in the State Court Matter with prejudice for lack of jurisdiction. *See* Dkt. 17. Palisades Capital, Inc., whose President was Brad Greenspan, had earlier incorporated the State Court First Amended Complaint as part of the record for its complaint here. *See* Dkts. 1 (Exhibit 5) & 10-2, ¶13. On May 20, 2022, the State Court denied Brad Greenspan's motion for reconsideration of its prior order of dismissal with prejudice. *See* Dkt. 35.

    This Court held a case management conference on October 12, 2022. As a result of a request by counsel for Palisades Capital, Inc., the Court ordered Plaintiff to file a motion for leave to amend the Complaint by no later than November 4, 2022. *See* Dkt. 55. That deadline has come and gone without any such motion by Plaintiff. Indeed, Plaintiff submitted a letter today indicating that it has decided not to amend "at this

---

[1] This letter is written without prejudice to, or waiver of, any of the ICONV Defendants' defenses including, but not limited to, those related to ineffective or lack of service of process, or lack of jurisdiction, in any matter.

   BRIDGEWATER, NJ | NEW YORK, NY | ALLENTOWN, PA
WWW.NORRISMCLAUGHLIN.COM

time." The ICONV Defendants take the position that Plaintiff's failure to seek leave to amend at this time in accordance with the Court's order should preclude further amendment.

As a result of Plaintiff's failure to comply with this Court's order, and in the interest of judicial economy, the ICONV Defendants respectfully request that the Court reinstate the fully briefed motion to dismiss and dismiss the Complaint in its entirety with prejudice. The ICONV Defendants believe that the full set of motion papers on file with the Court already demonstrate the merit of their motion to dismiss. However, to the extent that the Court for any reason needs a supplemental ground for dismissal, the ICONV Defendants urge the Court to consider preclusion based on the State Court's prior dismissal with prejudice and to take judicial notice of the State Court Matter proceedings. The ICONV Defendants take the position that, in addition to the grounds originally stated in the motion papers on file, that Plaintiff's complaint is now also barred by several preclusionary doctrines including, but not limited to, entire controversary, *Rooker-Feldman* abstention, collateral estoppel and/or res judicata. Although the ICONV Defendants understand that the Court is well versed in the application of these doctrines, and assert that the Court can grant the motion to dismiss on the current record, should the Court deem preclusion to be material as a supplemental argument and helpful, they could brief those issues on a schedule to be determined by the Court.

Thank you for Your Honor's consideration.

Respectfully submitted,

**NORRIS McLAUGHLIN, P.A.**
Attorneys for Rene Muijrers and ICONV SPRL

By: /s Steven A. Karg
    STEVEN A. KARG

**SO ORDERED**
__s/James B. Clark__
**James B. Clark, U.S.M.J.**
**Date:** 11/9/2022

cc: The Honorable Esther Salas, U.S.D.J.
    All Counsel of Record (via ECF)

\* The Court will conduct a telephone conference with the parties in this matter on <u>December 12, 2022 at 11:00 AM</u>. Counsel for plaintiff shall initiate the call. All deadlines in this matter and in Civil Action No. 22-4918 shall continue to be stayed pending the telephone conference.