**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(973) 776-7700

CHAMBERS OF
**JAMES B. CLARK, III**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
50 WALNUT STREET, ROOM 2060
NEWARK, NJ 07102

December 28, 2022

**LETTER ORDER**

Re:   **Palisades Capital, Inc. v. Muijrers, et al.**
      **Civil Action No. 21-20054 (ES)**

Dear Counsel:

Presently pending before the Court is a motion by Defendant Techie Hosting, Inc. ("THI") to vacate the Clerk's entry of default entered in this matter on August 9, 2022. *See* Dkt. No. 29. Plaintiff Palisades Capital, Inc. ("Plaintiff" or "Palisades") opposes THI's motion. *See* Dkt. No. 32. For the reasons set forth below, THI's motion to vacate the entry of default [Dkt. No. 29] is **GRANTED**.

Plaintiff filed its Complaint in this matter on November 17, 2021. *See* Dkt. No. 1. On February 11, 2022, Plaintiff filed an affidavit of service indicating that THI had been served on January 26, 2022. *See* Dkt. No. 16. The deadline for THI to respond to the Complaint was February 16, 2022. *Id*. On August 5, 2022, Plaintiff filed a request for the entry of default. *See* Dkt. No. 26. The Clerk entered default against THI on August 9, 2022. THI filed the present motion seeking to vacate the entry of default on August 17, 2022. *See* Dkt. No. 29. Plaintiff opposes THI's motion. *See* Dkt. No. 32.

Pursuant to Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); *see also Mrs. Ressler's Food Prods. v. KZY Logistics, LLC*, 675 F. App'x 136, 139 (3d Cir. 2017). Adjudication of a motion to set aside default is left to the discretion of the district

1

court. *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002). In considering whether to vacate default, a court should consider (1) whether the plaintiff will be prejudiced by a vacatur of default, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's culpable conduct led to the entry of default. *See Feliciano v. Reliant Tooling, Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 459 (3d Cir. 2011).

The United States Court of Appeals for the Third Circuit has long disfavored defaults and default judgment, preferring "doubtful cases to be resolved in favor of the party moving to set aside the default . . . 'so that cases may be decided on their merits.'" *U.S. v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194-195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). The criteria for determining whether to set aside a default judgment or an entry of default are the same, but they are applied more liberally to an entry of default. *Brittingham v. Camden City Police*, No. 05-115, 2007 WL 1723403, at *1 (D.N.J. June 12, 2007).

THI argues that the entry of default was improper because it was not properly served with the Summons and Complaint. Indeed, an entry of default may be set aside without consideration of the above-referenced factors where the entry of default was improper. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985); *Mettle v. First Union Nat. Bank*, 279 F. Supp. 2d 598, 603 n.3 (D.N.J. 2003) ("As this Court finds that entry of default against First Union is void based on the improper service of the summons and complaint, the Court need not consider the facts set forth in *Gold Kist*."). Where default was entered without proper service of the complaint, it is "*a fortiori* void, and should be set aside." *Gold Kist, Inc.*, 756 F.2d at 19; *see also Grand Entertainment Grp. v. Star Media Sales, Inc.*, 988 F.2d 476, 493 (3d Cir. 1993) (finding that district court improperly entered default where defendants had not been properly served).

2

Pursuant to Federal Rule of Civil Procedure 4(e), an individual may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The service of corporations is governed by Federal Rule of Civil Procedure 4(h), which provides that service upon a corporation may be effected:

> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.

Under New Jersey law, the primary method for effectuating service is personal service. *See* N.J. Ct. R. 4:4-4(a), 4:4-5(a). Under New Jersey law, service on a corporation is effected by:

> serving a copy of the summons and complaint . . . on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties . . . .

3

N.J. Ct. R. 4:4-4(a)(6).

Additionally, New Jersey law allows for substituted service on corporate defendants under N.J.S.A. § 2A:15-30.1, which provides that:

> (b) If a business entity, foreign or domestic, is required to register with a State official or agency to transact business in this State and is required to register an address or an agent in this State for the service of process, process in any action in any court of this State directed to the business may be served on the State official or agency, if:
>
> (1) The business entity failed to register or re-register as required by law; or
>
> (2) The business entity has failed to maintain a registered address or a registered agent in this State for service of process, as required by law

N.J.S.A. § 2A:15-30.1(b).

THI argues that service was improper because Plaintiff failed to serve THI via its registered agent, Wayne Anastasia, at its registered address. Plaintiff, however, made approximately nine separate attempts to serve Mr. Anastasia at THI's registered address. *See* Dkt. No. 32 at p. 3. After those attempts failed, Plaintiff served THI via substituted service on the New Jersey Department of the Treasury pursuant to N.J.S.A. § 2A:15-30.1(b).[1] *See* Dkt. No. 31.

According to THI, although Plaintiff was unable to serve Mr. Anastasia at THI's registered address, Plaintiff was required to also attempt to serve THI at its principal place of business prior to resorting to substituted service. In the absence of any attempt by Plaintiff to serve THI at its principal place of business, THI contends that Plaintiff's substituted service was improper.

THI has failed to provide any support for its assertion that Plaintiff was required to attempt service both on its registered agent at its registered address and at its principal place of business prior to effecting

---

[1] THI claims that Plaintiff's service was also improper because Plaintiff served the New Jersey Secretary of State instead of the New Jersey Department of the Treasury. Although Plaintiff's initial affidavit of service does indicate service upon the Secretary of State [*see* Dkt. No. 16], Plaintiff filed a corrected affidavit of service indicating that service was indeed directed to the Department of Treasury [*see* Dkt. No. 31] and Plaintiff was sent a confirmation from the Department of the Treasury confirming its receipt of the Complaint [*see* Dkt. No. 32-4 at Ex. B].

substituted service. Indeed, it appears that under New Jersey law, where attempts at service on a corporation's registered agent have failed, substituted service under N.J.S.A. § 2A:15-30.1 is proper. *See B & B Realty Assocs., LLC v. J & S Mgmt. Enterprises, Inc.*, No. A-1002-06T1, 2008 WL 4681981, at *5 (N.J. Super. Ct. App. Div. Oct. 22, 2008) ("We are satisfied there was good service" on a corporate defendant where, after service on statutory agent could not be effected, substituted service via the New Jersey Department of the Treasury was completed); *see also Razor Enter. Inc. v. Aexim USA Inc.*, No. CIV.A. 11-6788 ES, 2015 WL 790558, at *2 (D.N.J. Feb. 24, 2015) (finding "sufficient proof of service" on a corporate defendant via substituted service under N.J.S.A. § 2A:15-30.1 after three failed service attempts at locations "listed as proper addresses with the State of New Jersey's Department of the Treasury . . . ."). Accordingly, because Plaintiff first attempted to serve Plaintiff's registered agent at its registered address on nine separate occasions, the Court finds that Plaintiff's substituted service under N.J.S.A. § 2A:15-30.1 was proper.

Having found that service on THI was properly effected, the Court must now determine whether good cause exists to vacate the entry of default. Fed. R. Civ. P. 55(c). In doing so, the Court considers: (1) whether the plaintiff will be prejudiced by a vacatur of default, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's culpable conduct led to the entry of default. *See Feliciano*, 691 F.2d at 656.

The Court first considers whether vacating the default would prejudice Plaintiff. "Prejudice under this prong only accrues due to a 'loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Toy v. Hayman,* No. 07–3076, 2008 WL 5046723, at *3 (D.N.J. Nov. 20, 2008) (citing *Feliciano,* 691 F.2d at 656–57 ) (internal quotation marks omitted)). Plaintiff claims it will be prejudiced because "[THI] and other defendants have continued to violate the New Jersey Computer Related Offenses Act . . . for which Plaintiff seeks injunctive and compensatory relief" and

5

argues that if the default is vacated, "Plaintiff's anticipated follow-up motion for default judgment will be delayed as [THI's] damaging behavior will be allowed to continue." Dkt. No. 32 at p. 5. Although Plaintiff may be inconvenienced by a delay[2] in any motion for default judgment in the event that the entry of default is not vacated, the Court finds nothing to suggest that any evidence has been lost, that there is any increased potential for fraud or collusion, or that Plaintiff has substantially relied on the default. Accordingly, the Court finds that Plaintiff has failed to demonstrate the requisite prejudice under the first factor.

Secondly, the Court determines whether THI has raised a meritorious defense. A meritorious defense is one that "if established at trial, would constitute a complete defense." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (3d Cir. 1984). To make this showing, defendants "must provide more than simple denials or conclusory statements; rather, they must allege specific facts as the grounds of their defense." *Jackson Hewitt, Inc. v. Semo Tax Servs., Inc.,* No. 11–662, 2011 WL 6826013, at * 3 (D.N.J. Dec. 28, 2011) (internal citation omitted). "Although district courts are urged to make explicit findings concerning all of these factors when considering a motion to vacate entry of default, the second factor is often considered to be the most important inquiry." *Reed v. New Jersey State Police*, No. CV 15-1305 (NLH/JS), 2015 WL 5821965, at *1 (D.N.J. Oct. 2, 2015) (citations omitted).

Here, THI has raised a meritorious defense. According to THI, Plaintiff filed a separate action against THI in the Superior Court of New Jersey, Essex County (the "State Court Action"). Dkt. No. 33 at p. 5. THI claims that the State Court Action contained "similar allegations" to those asserted in this action, and "did not allege any wrongdoing by [THI], nor sought relief against it," which led to the dismissal with prejudice of the allegations against THI in the State Court Action. *Id.* Accordingly, the Court finds that THI has raised a meritorious defense and that the second factor weighs in favor of vacating default.

---

[2] The Court notes that although THI's deadline to respond to the Complaint expired on February 16, 2022 [*see* Dkt. No. 16], Plaintiff did not request the entry of default until August 5, 2022 [*see* Dkt. No. 26], nearly six months later. Thus, any delay in the resolution of this matter is at least partially attributable to Plaintiff.

Finally, the Court considers whether the default is the result of culpable conduct or merely "excusable neglect" on the part of the defendant. *Cardinali,* 1989 WL 5816, at *2. Culpable conduct is defined as action taken willfully or in bad faith. *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 123–24 (3d Cir. 1983). Excusable neglect is found where "a demonstration of good faith on the part of the party seeking [vacatur shows] some reasonable basis for noncompliance within the time specified." *Jackson Hewitt Inc.,* 2011 WL 6826013, at *3.

THI claims it did not respond to the Complaint because it was not properly served. Although the Court, as set forth above, finds that THI was in fact properly served via substituted service, THI's "mistaken belief that service was not proper . . . constitute[s] good cause to set aside [the default]," especially in light of "the strong presumption in favor of resolving cases on the merits . . . ." *Handle v. Postmaster Gen., United States Postal Serv.*, 806 F. App'x 95, 100 (3d Cir. 2020). Accordingly, because THI mistakenly believed it had not been properly served, the Court finds that its failure to respond to the Complaint was not the result of culpable conduct.

Based on the foregoing, the Court finds that all three factors weigh in favor of vacating default. Accordingly, THI's motion to vacate the entry of default [Dkt. No. 29] is **GRANTED**.

**IT IS SO ORDERED.**

   s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**